NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENTUCKY SOUTH PROPERTIES )<br>LLC, PAUL E. MOORE, JR., and )<br>REBECCA MOORE, )<br>)<br>Defendants. )<br>) | Civil Action No.: 07-4992 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon Plaintiff Days Inn Worldwide, Inc.'s ("Plaintiff" or "Days Inn") Motion to Dismiss [CM/ECF #15] the Counterclaim of Defendants Paul E. Moore, Jr. and Rebecca Moore ("the Moores"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Plaintiff's motion to dismiss is granted.

## INTRODUCTION

In September of 2003, Days Inn entered into an agreement with Kentucky South Properties, LLC ("Kentucky South") to operate a 101-room hotel ("the hotel") for a period of fifteen years. (Def. Br. at 2.) The Moores, as shareholders in Kentucky South, provided Days Inn with a guaranty for Kentucky South with respect to its relationship with Days Inn. (Id.) Days Inn alleges that Kentucky South sold the hotel without prior consent on October 8, 2006, and that Days Inn thereafter notified Kentucky South of the termination of their agreement and the

1

amount of liquidated damages due to Days Inn.  (Id. at 2-3.)

Days Inn filed the initial complaint in this matter on October 17, 2007.  An answer and counterclaim was filed by the Moores on November 30, 2007.  Days Inn requested that the Clerk enter default against Kentucky South on March 19, 2008; after entry of default and a motion for default judgment, final judgment was entered in this Court against Kentucky South on May 15, 2008.  The only issues in this case left to be resolved, therefore, are those that exist between Days Inn and the Moores.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.  Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Plaintiff's motion.

The sole argument raised by Days Inn on their February 15, 2008 motion is that the Moores, as shareholders and guarantors of Kentucky South, have no standing to pursue any counterclaim against Days Inn based on the License Agreement between Kentucky South and Days Inn. (Def. Br. at 4.) Days Inn claims that, as shareholders, the Moores may not sue on behalf of the corporation because the diminution in value of their shares does not confer standing upon them, and that guarantors are too legally remote from the contract being guaranteed to have standing. (Id. at 4-6.)

Whether or not an action requires the application of state law on the substantive claims, this Court applies federal law in any determination of standing. Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994). Standing in federal court requires "(1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Winer Family Trust v. Queen, 503 F.3d 319, 325 (3d Cir. 2007). Furthermore, federal courts apply various prudential standing doctrines,

including the requirement that litigants assert their own legal interests rather than those of third parties.  <u>Wheeler</u>, 22 F.3d at 538.

This Court agrees with Plaintiffs that the Moores do not have standing to bring their counterclaim.  Even assuming that the Moores' <u>pro se</u> counterclaim could survive scrutiny under Federal Rule of Civil Procedure 8, the legal interests they seek to enforce through the counterclaim are those of a third party to them, Kentucky South.  In an analagous New Jersey case, <u>Pepe v. GMAC</u>, the Appellate Division held that shareholder/guarantors of a firm lacked standing to sue for harm that had occurred to the firm.  604 A.2d 194, 196 (N.J. Super. Ct. App. Div. 1992).  <u>Pepe</u> held that the claims brought by the shareholder/guarantors were entirely derivative, and could be brought only by or on behalf of the corporation harmed.  604 A.2d at 196.  While this Court looks to federal law to analyze standing, the Third Circuit has indicated that in the derivative suit context, "it is appropriate to look to state law for guidance in deciding whether plaintiffs [here, defendants] have stated a nonderivative claim, rather than to fashion federal common law in this area."  <u>In re Sunrise Sec. Litig.</u>, 916 F.2d 874, 881 (3d Cir. 1990).  In examining the answer and counterclaim, this Court can find no indicia of harm alleged that impacted the Moores, other than as guarantors, rather than Kentucky South.  Answer at 1-2.  Absent harm separate and distinct from that suffered by the entity through which the Moores conducted their business with Days Inn, the Moores lack standing to bring a counterclaim here, and, therefore, this Court grants the motion of Plaintiff to dismiss the counterclaim.  <u>See</u> <u>In re Sunrise Sec. Litig.</u>, 916 F.2d at 880 (summarizing caselaw requiring shareholders to enunciate distinct harm from corporation in RICO context).

**CONCLUSION**

  For the forgoing reasons, this Court grants Plaintiff's motion in its entirety. An appropriate Order accompanies this Opinion.


DATED: September 9, 2008               /s/ Jose L. Linares
                                 United States District Judge